Fboessel, J. (dissenting).
I concur entirely with Judge Burke, and vote to affirm for the following additional reasons:
The power of creating corporations unquestionably rests with the Legislature. Formerly, the right to corporate existence was always granted by special charter or act of incorporation. By the Constitution of 1846, to obviate the necessity for much special legislation, corporations were authorized to be formed under general laws (N. Y. Const., art. X, § 1; Johnson v. Hudson Riv. R. R. Co., 49 N. Y. 455, 458). Whether organized directly by special act or indirectly under general laws, a corporation is given its life by the Legislature.
While a corporation may be formed for a lawful purpose, the purpose may not further an illegal object “ or one necessarily inconsistent with public policy, as declared by the public law ’ ’ (Vinegar Co. v. Foehrenbach, 148 N. Y. 58, 64). It is inconceivable that the Legislature would charter by special act, or intend to be chartered under general law, a corporation whose avowed purposes are inconsistent with public policy as declared by the People of the State in our Constitution (art. I, § 11) and in the “ Law Against Discrimination ” (Executive Law, art. 15).
The Legislature, in requiring the approval, under section 10 of article 2 of the Membership Corporations Law, of a certificate of incorporation by a Justice of the Supreme Court, could not have intended that he should affix his signature as a mere matter of form, but authorized and empowered him to carry out the legislative intention.
*387 Chief Judge Desmond and Judges Dye, Fuld and Van Voorhis concur with Judge Foster; Judge Burke dissents in an opinion, as to proceeding No. 1, in which Judge Froessel concurs in a separate opinion in which Judge Burke also concurs.
In proceeding No. 1: Order reversed, without costs, and the matter remitted to the Appellate Division for further proceedings in accordance with the opinion herein.
In proceeding No. 2: Order affirmed, without costs.